(Attached Statement of Claim (continued from IV))

Count V

1) Defendant Thomas Carroll, was deliberately indifferent to plaintiffs serious medical needs. In plaintiff previous (civil action)(04-cv-176) that was dismissed without prejudice Defendant Carroll, Thomas and Stan Taylor were informed of this problem as verified by docket numbers #13 and #14. Since 9/1/04 neither Mr. Carroll or Mr. Taylor have exercised their supervisory authority to alleviate this on going problem. Their inaction since 9/1/04 is deliberate indifference to plaintiff pain & suffering and loss of future earnings.

2) Defendant Mr. Thomas Carroll, directly participated in the infraction, after learning of the violation through civil action (04-cv-176). And has failed to remedy the wrong. Defendant Mr. Thomas Carroll was grossly negligent in managing subordinates who caused the unlawful condition. Mr. Carrolls response to subordinates deliberate indifference to plaintiffs serious medical need constitute deliberate indifference.

3) Plaintiff asserts, I am trained as a master carpenter. I will not be able to work as a master carpenter with my hand in its present condition. The failure of the defendants to act on the broken hand has caused serious and permanent damage to my hand. This injury if not corrected will effect my future earnings potential for the rest of my life.

A Master Carpenter can earn upward 40,000 a year without the full use of my hand. Plaintiff will be only qualified for minimum wage jobs with an earning potential of about 15,000 a year. The Defendants deliberate indifference could cause me actual damages of 25,000 a year.

4.) Defendant Mr. Thomas Carroll has acted with a requisite state of mind. Defendant knew and disregarded an excessive risk to plaintiff Health or Safety. Defendant knew and were aware of plaintiffs Broken Right hand yet ignored administering the adequate and proper treatment. The medication (800) mg of Motrin provided to the plaintiff was nothing more than a cursory method of treatment because of the delay in treatment. Plaintiff's hand was never set in a cast resulting in a permanent bump. Defendant has acted with reckless disregard for plaintiff condition and persist in a particular course of treatment in the face of resultant pain and risk of permanent injury.

(Attached sheet statement of claim continued from IV count VI)

1.) Defendant stanly Taylor was deliberately indifferent to plaintiffs serious medical needs. In plaintiff previous (civil action 04-cv-176) That was dismissed without prejudice Defendant Stan Taylor, and Thomas Carroll were informed of this problem as verified by docket number #13 and #14. Since 9/1/04 neither Mr. Carroll or Mr. Taylor have exercised their Supervisory Authority to aliviate this on going problem. Their inaction since 9/1/04 is deliberate indifference to plaintiff pain & Suffering and loss of future earnings.

2.) Defendant Mr. stanly taylor, directly participated in the infraction after learning of the violation through civil action 04-cv-176). and has failed to remedy the wrong. defendant Mr. stan taylor was grossly negligent in managing subordinate who caused the unlawful condition or event. Mr. Taylor response to Subordinates deliberate indifference to plaintiffs serious medical need constitutes deliberate indifference.

3) Plaintiff asserts, I am trained as a master carpenter. I will not be able to work as a master carpenter with my hand in it's present condition. The failure of the defendant to act on the Broken hand has caused serious and permanent damage to my hand. This injury if not corrected will effect my future earnigs potential for the Reost of my life.

A master carpenter can eat upward 40,000 a year without the full use of my hand. plaintiff will be only qualified for minimum wage Jobs with an earning potential of about 15,000 a year the Defendant deliberate indifference could cause an actual damages of 25,000 a year

4.) Defendant. Mr. Stanly-Taylor has Acted with a Requisite state of mind Defendant knew and disregarded an excessive Risk to plaintiff Health or safety Defendant knew and were aware of plaintiff's Broken Right hand yet ignored Administering the Adequate and proper treatment. The medication (800) mg of Motrin provided to the plaintiff was nothing more than a cursory method of treatment because of the Delay in treatment plaintiff hand was never set in a cast resulting in a permanent bump. Defendant was Acted with reckless disregard for plaintiffs condition, and persist in a particular course of treatment in the face of resultant pain and risk of permanent injury

## Plaintiff has exhausted Administrative Remedy:

Plaintiff fairly presented his grievances to the chief medical officer, Defendant Brenda Holwerda, RN. FCM employee directly responsible to the institutions specific medical review Authority Comprised of a minimum of three Services contractual staff i.e., Health Services Administrator Director of Nursing, Charging Nurse, Chief medical officer, Medical Records Clerk, Mental Health Counselor, chief Dental officer, And Dental assistant. Defendant Holwerda is the Appropriate medical director in charge of Medical Grievances. (See Medical Grievances Administrative Policy/procedure 4.4.) Defendants Agreed to treat Plaintiff with proper medical care as a resolution to Resolve the Grievances but never did provide Plaintiff with Adequate medical treatment. However Plaintiff was under the impression that he would Recive the Appropiate medical attention as A premature resolution to his two Grievances filed on 2-1-04 And again on 2-10-04 The exhibits attached herein, signed by plaintiff and Defendant Holwerda show this to be fact According to Administrative procedure 4.4. The medical Services contractual staff will attempt an informal resolution with the inmate, upon discussion over the treatment defined on the medical log form. If the medical Grievance is resolved the inmate Acknowleges this by his signature on the form #585 Informal Resolution. At any Rate under The PLRA (To the extent that Defendants dispute the Facts) The Grievance filed being complained of And list the name or names of the staff that caused The violation. See Curry v. Scott, 249 F.3d 493, 504 (6th Cir. 2001). if the Identity of the prison staff is not known, A Request For the name of the person, even if not provided in Response to the Grievance, is sufficient for exhaustion purposes. See Irvin v. Zamora, 161 F.Supp. 2d 1125, 1134 (S.D. Cal. 2001).

("Plaintiff grievances did present the relevant factual circumstances giving rise to a potential claim and did request the identities of the individuals directly responsible for spraying the pesticide. This was sufficient to put prison officials on notice of possible problems with these individuals.") As to 04-176-GMS Memorandum order dated Jan. 26 2005. ID IV.A.("The courts Decision, However, will not prevent plaintiff from pursuing his administrative Remedies at the D.O.C. Assuming they are not time barred. If he is not satisfied with the final Result, he may Refile his complaint in federal court. Plaintiff assert as difference to this 1983 action id (10 The (B.O.P. U.U.) Grievance procedure provides 180 days to complete grievance process. Plaintiff asserts it is Beyond the 180 days and the grievance process concluded uResolved. Further efforts to Resolve this institutionally is Futile. After January 26 2005 Plaintiff submitted a Grievance 2-22-05 (Id) wich would be deemed Futile. However Thus putting official of (FCM) on notice that I'm still exsperincing pain and discomfort in the Region and expressing consern for my elative Surgery wich was disregarded I confiedee in (IGC) Lisa Merson. ID letter, wich was never acted upon it is clear that (FCM) know of the plaintiff need for medical treedment but intentionally Refuse to provid. it. Plaintiff has a serious medical need and he has Demonstrated that the medical Deprivation was objectively Serious and That Defendants First Correctional Medical, Brend Holwerda, Subjectively knew about The Deprivation and Refuse to Remedy it. Defendants conduct demonstrates a knowing indifference to plaintiff Serious medical needs Defendants Extreme conduct has caused severe emotional distress to plaintiff Defendants Failure to Adequatly treat plaintiff's condition has Resulted in further Significant injury and cronic and persistant Pain for him and effected his daily activities and persist with Reckless disregard for plaintiff's condition.

Cause of Action Count 1

Defendant First Correctional Medical (FCM), Lisa, Merson, Stan Traylor

12.) Defendant Brenda Holwerda, were deliberately indifferent to plaintiff Angolia Wilson, Thomas Carroll serious medical needs

13.) Defendant' were aware that plaintiff had a broken Hand, a serious injury or medical need which was diagnosed by a First Correctional medical physician or other Qualified medical Staff mandating treatment.

14.) Plaintiff's Broken Hand was so obvious that even a lay person would easily recognize the necessity for a doctors attention

15.) The medication ie, 800 mg of Motrin provided to the plaintiff by Defendant was so cursory as to amount to no care at all

16.) Defendant Cursory medical treatment Amount to Cruel and Unusual punishment in violation of the Eighth Amendment to the United States Constitution

17.) For Approximately 12 mo during his confinement, plaintiff has experienced severe pain and suffering and the Defendants were aware of his condition

18.) Not until February 14 2004 did Defendant provide 800 mg of motrin for the First Time and plaintiff was in some really severe acute pain

19) plaintiff was in constant pain and has submitted several sickcall request forms requesting medical treatment but said forms were either lost or not acted upon by defendants

20) Defendants didn't even give plaintiff ice, epson Salt, Ace Bandages or have X-Ray Taken on his hand even though Defendants knew his hand was broken

21.) Defendants Departed from Acceptable standards of care for failing to X-Ray plaintiff hand with one to three days of notification of the injury.

22.) Defendants were Required but failed to provide plaintiff with reasonable adequate medical care

23.) plaintiff has a serious medical need and he has demonstrated that the medical Deprivation was objectively serious and that Defendants subjectively knew about the Deprivation and Refuse to Remedy it

24.) Defendant's failure to treat plaintiff's condition has resulted in further significant injury and cronic and persistant pain for him and affected his daily activities

25.) Defendants extreme conduct has caused severe emotional distress to plaintiff in violation of the Eighth Amendment

26.) Defendants conduct or lack of conduct demonstrates a knowing indifference to plaintiff serious medical needs.

27.) Defendant intentionally ignored and failed to respond to the pain and medical needs of plaintiff. Plaintiff has suffered unnessarily due to Defendant deliberate indifference