IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JAMES HALL,
Plaintiff

V.

First Correctional MEDical,
ET. AL.
Defendants

civil Action No: 05-297-GMS
Jury Trial of Twelve Demanded

Plaintiff's Motion To Alter or Amend The Judgement

Come Now THE plaintiff James Hall pro.se Pursuant To Rule(59)E. OF The Federal Rules of civil Procedures. in Support of This case/motion, plaintiff STATES AS Follows.

STATement of The case

FILED
AUG 24 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

I.) This is a civil Rights case Filed under 42 U.S.C. 1983 by a federal INmate presently AT. 10904 Hidden Creek ct Ft. Washington MD.20744 plaintiff is asserting claims For The unconstitutional subjection of cruel and unusual punishment in violation of his Eighth and Fourteenth amendment Right under The united states Constitution plaintiff Seeks Damages as To all claims.

scanned

# Statment of Facts

2) The complaint alleges that the plaintiff was given inadequet medical care and that officials Responsible for that care were Deliberatly indifferent To his Serious Medical needs Receiving a Serious injury (I.E. permanent bump) The complaint Demonstrates that plaintiff was prescribed treatment For his Serious medical condition by a doctor (E.g. X-Ray/+hand cast wich was delayed For non-medical Reasons this Delay being the Causative Factor in the alleged Constitutional Claim on 3-2-04 plaintiff was transferred to an outsid doctor. The Doctor Recommended Re checking in 6 weeks this treatment was was also delayed For non-medical Reasons. on said 3-2-04 This verifying medical evidence by the Doctor who Examined plaintiff hand's own admission (stating Plaintiff's Hand was 80% healed, Should have been Casted Too Late now, Demonstrates Defendant have prevented plaintiff From Receiving needed and Recomended Medical Treatment and persist in a particular Course of treatment in the Face of Resultant pain and Risk of Further Significant injury, plaintiff has offered expert medical testimony identifying The alleged deviation From the applicable Standard of care

A policy can be established when a "decision maker posses [ING] final authority to est. a, policy with respect to the action issues an official proclamation, policy, or edict." Andrews v. City of Philadelphia, 895 F. 2d 1469, 1480 (3rd Cir. 1990) (Citing Pambaur v. City of Cincinati 475 U.S. 469, 481, 106 S.Ct. 1292, 89 L. Ed. 2d 452 (1986) A policy maker' is the person who, under state law, has "final unreviewable discretion to make a decision or take an action Andrews, 895 F.2d at 1481; Jackson 380 F. Supp 2d 387 (D. Del 05) at 392 A custom is a course of conduct "[that is] so permanent and well settled' as to virtually constitute law" id at 1480 citing Monell, 436 U.S. at 690, 98. S.ct 2018). A policy or custom may exist where the policy maker "has failed to at affirmatively at all, [though] the need to take some action to control agents of the government is so obvious, and the inadequacy of the existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need, 'id at 584 Quoting City of Canton, Ohio v. Harris, 489 U.S. 378, 379, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989)). In the case at bar

plaintiff alleges defendants have prevented him from receiving needed and recommended medical treatment and persist in a particular course of treatment in the face of resultant pain and risk of further significant injury and has delayed necessary medical treatment

For these Reasons: The Complaint Sufficiently alleges a serious medical need on the part of the plaintiff

B. Defendant's Conduct Amounts to Deliberate indifference

The Complaint Alleges that the prison doctor prescribed treatment (i.e, X-Ray, cast). See complaint at item 3. Moreover the complaint alleges defendants were personally involved and directly participated in the infraction after learning of the Violation through a Report and Refused to Remedy the known wrong. Additionally it alleges plaintiff's hand was never set in a cast Resulting in a permanent lump. "Or by prison Guards who intentionally denying or delaying, intentionally interfering with treatment once prescribed" is two forms of deliberate indifference cited by the Supreme court. Estelle v. Gamble, 429 U.S. at 105, many decision have held that failing or Refusing to provide medication or treatment prescribed by physicians constitutes deliberate indifference Aswegan v. Bruhl, 965 F.2d 676, 677-78 (8th cir. 1992); Hill v. Marshall, 962 F.2d 1209, 1213-14 (6th cir. 1992); Johnson v. Hay, 931 F.2d 456, 461-62 (5th cir. 1991); Boretti v. Wiscomb, 930 F.2d 1150, 1156 (6th Cir. 1991); Johnson v. Hardin County, Ky, 908 F.2d 1280, 1284 (6th cir. 1990); Ellis v. Butler, 890 F.2d 1001, 1003-04 (8th cir. 1989)

## Legal Standard

The state has a duty under the Eighth Amendment to provide "adequate medical care to those it is punishing" through incarceration. West v. Keve, 571 F.2d 158, 161 (3d cir, 1978) The Supreme court has held that in order to state a cognizable claim under the Eighth Amendment, a prisoner must show deliberate indifference to serious medical needs. for there to be deliberate indifference, the prison physician's acts must constitute "an unnecessary and wanton infliction of pain," be repugnant to the conscience of mankind " or offend the "evolving standard of decency." Estelle v Gamble, 429 U.S. 97. 106 (1976). A medical need is serious if it is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention Monmouth county Corr. Institutional inmates v. Lanzaro, 834 F.2d 326, 347 (3d cir, 1987)

in the instant case at bar. plaintiff specifically alleges facts indicating that his injury is a serious medical condition at Item # 3 of the Complaint (Statement of Claim) " on January 22 2004, plaintiff saw a doctor Mr. Alomer who gave plaintiff a routine check-up and told plaintiff that it was obvious that his hand was broken - - id.

The instant complaint alleges facts that could lead to an inference of deliberate indifference by defendant's Taylor and carroll plaintiff alleges that Defendant Mr Carroll and Mr taylor has acted with Deliberate indifference by acting with a Requisit State ofer mind Defendant's knew and Disregarded an excessive risk to plaintiff's Health or Safety, (Defendants knew and were aware of plaintiffs Broken Right hand yet ignored administering the adequate and proper treatment the complaint Suggests that Defendant Taylor and Carroll were made fully aware of the plaintiff's medical Complaints and Support the requisite mental state for a finding of deliberate indifference plaintiff has pleaded fact that could Support a Conclusion that Mr. Carroll and Mr taylor had (actual knowledge) that prison doctors and their assistants [were] mistreating (or not treating) plaintiff Does allege direct contact between him and Defendants

There are Two components to establish violations of the Eighth amendment's Cruel and unusual punishment provisions as it relates to medical care (1) The "objective Component I.e., did the prisoner have a Serious medical need, (2) The "Subjective Component," or better known as the state of mind of the official who were responsible for providing the medical care ~~Farmer v. Brennan~~, 511 U.S. at 830 Wilson V. Seiter, 506 U.S. 294, 298-300, 111 S. Ct. 2321 (1991)

See also Crowley v. Hedgpeth, 109 F.3d 500, 502 (8th cir 1997) (inmate must demonstrate that the medical deprivation was objectively serious and that prison officials subjectively know about the deprivation and refuse to remedy it.

Prison officials need not inflict an actual physical injury. ("Hudson v. McMillian, Supra. 503 U.S. at 9, where The Supreme Court held that the medical need only had to be serious") or cause lasting or permanent injury to be liable for violation of the Eighth Amendment. Id. at Estelle v. Gamble, Supra, Cf. Hudson v. McMillian, Supra a medical need is serious if it "has been diagnosed by a physician mandating treatment or.... is so obvious that even a lay person would easily recognize the necessity for a doctors attention. Ramos v. Lamm, 639 F.2d 559, 575 (10th cir 1980), cert denied, 450 U.S. 1041 (1981) ("deliberate indifference to serious medical needs is shown when prison officials have prevented an inmate from receiving recommended treatment or when an inmate is denied access to medical personnel capable of evaluating the need for treatment

The General Rule is that a person who is not the moving force behind the constitutional violation escapes liability unless that person has exhibited "deliberate indifference to the right of the person deprived Sample v Diecks. (3rd cir. 885 F.2d 1099, 1118 (1989)

Legal standard

In order to recover against the defendant, plaintiff must show that he was deprived of a constitutional right by a person acting under color of state law. See, e.g., Groman v. Township of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995)(citing Gomez v. Toledo, 446 U.S. 635, 640 (1980)). in this case, it's clear that the defendants were acting under color of State law because, at the time of the alleged incident, they were employed as warden and commissioner, respectively, at the institution where plaintiff was incarcerated. See Cespedes v. Coughlin, 956 F. Supp. 454, 465 (S.D.N.Y. 1997) therefor, the court must next turn to whether plaintiff has sufficiently alleged that either of the defendants deprived him of a constitutional right.

Memorandum of Law

The State of delaware has an obligation to provide "adequate medical care" to the individuals who are incarcerated in it's prisons. See Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 672 (3d cir 1978)(citation omitted). To recover for denial of medical care plaintiff must show that a prison official or employee was deliberately indifferent to his serious medical need or acted with reckless disregard for his condition. See Miller v. Correctional Medical Sys, Inc., 802 F. Supp. 1126, 1130 (D. Del. 1992) Thus, in order to withstand a motion to dismiss, a claim that prison authorities provided inadequate medical care in violation of Eighth Amendment protection must include acts or omissions by a defendant that evidence deliberate indifference toward serious medical needs.

Estelle v. Gamble, 429 U.S. 97, 104 (1976). Rouse v. Plantier, 182 F.3d 192, 197 (3d cir. 1999) (Stating that to succeed on such claims, plaintiff must demonstrate that: "(1) the defendant were deliberately indifferent to their medical needs and (2) that those needs were serious). The deliberate indifferent prong is met only if the prison official "knows and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Rouse, 182 F.3d at 197, the plaintiff must show a sufficiently culpable state of mind which demonstrates an unnecessary and wanton infliction of pain. Wilson v. Seiter, 501 U.S. 294 (1991). Rouse, 182 F.3d at 197, mere allegations of negligence do not meet the pleading standards for deliberate indifference. See Estelle, 429 U.S. at 105-106 Nor can the claims rest solely on the prisoner's dissatisfaction with the medical care he has received. Id. at 107.

An inmate's condition is "serious" when it is so obvious that an ordinary person would easily recognize the need for a doctor's attention or when a physician has concluded that treatment is required. See Monmouth County Correctional inst. inmates v. Lanzaro, 834 F.2d 326 (3d cir. 1987). the "seriousness" prong is met also if the effect of denying or delaying care results in wanton infliction of pain or a life long handicap or permanent loss. Id.

In addition, the "condition must be such that a failure to treat can be expected to lead to substantial and unnecessary suffering, injury or death." See Colburn v Upper Darby Township, 946 F.2d 1017, 1023 (3d cir. 1991).

With these standards in mind, the Court turns to an analysis of plaintiff claim that the defendant deprived him of proper medical care. in order to hold carroll and taylor liable, plaintiff must allege an act or omission by the defendants that demonstrates deliberate indifference to his serious medical needs. See City of Canton v. Harris, 489 U.S. 378 (1989); Sample v. Diecks, 885 F.2d 1099, 1118 (3d cir. 1989

In the case at bar, In his complaint, plaintiff does contend that [ Defendant Mr carroll and Mr Taylor, directly participated in the infraction after learning of the violation through civil action 04-cv-176]. And has failed to remedy the wrong defendant's was grossly negligent in managing subordinates who caused the unlawful condition Mr. Carroll, Mr taylor's response to subordinate deliberate indifference to plaintiff serious medical need constitute deliberate indifference and since 9/1/04 neither Mr Carroll or Mr taylor have exercized their supervisory authority to alleviate this ongoing problem. their inaction since 9/1/04 is deliberate indifference to the plight of plaintiff's pain & suffering and loss of future earnings

based on a non-medical reason. See Natale v Camden County Corr Facility 318 F.3d 575, 583 (3d cir. 2003 (holding physician could be under § 1983 for the failure to have adequate policy for addressing inmate Serious Serious medical needs.) furthemore, plaintiff allegation Suggest the absence of basic policy to insure that the medical orders of treating physicians are reasonable Followed and that the ... order ... are transmitted alleging the absence of such policies is tantamount to alleging that treating physicians are unable to exercise informed professional judgment, and that such policies resulted in official being deliberat indifferent to his serious medical needs.

The Third circuit has fand "deliberat indifference." to serious medical needs in circumstances where the prison officials "(1) know of a prisoner's need for medical treatment but intentionally refuse to provide it; (2) Delays necessary medical treatment based on a non-medical Reason; (3) prevent a prisoner from Receiving needed or recommended medical treatment;" or (4) "persists in a particular course of treatment in the face of Resultant pain and risk of permanent injury."

Rouse v. plantier, 182 F.3d 192, 197 (3d cir. 1999) (citing Lanzaro, 834 F.2d at 346-47, and white v. Napoleon, 897 F.2d 103, 109-11 (3d cir. 1990))

Finally, Court's have acknowledged that conditions that cause significant pain are serious medical needs McGuckin v. Smith, 974 F.2d 1050, 1060 (9th cir. 1992) ("chronic and substantial pain" indicates that a medical need is serious). Boretti v. Wiscomb, 930 F.2d 1150, 1154-55 (6th cir. 1991) (needless pain is actionable even if there is no permanent injury); Dean v. Gocoughlin. 623 F. Supp. 392, 404 (S.D.N.Y. 1985) ("condition that cause pain, discomfort, or threat to good health "are serious). this is true because a chief purpose of the cruel and unusual punishment clause is to prevent the "unnecessary and wanton infliction of pain". Estelle v. Gamble, 429 U.S. at 104 (citation omitted).

The case at Bar. The complaint alleges that plaintiff submitted several sick-call slips and grievances. for pain treatment. id. At 3. item, and also item 18 complaint / cause of action the plaintiff's condition would be "apparent to a lay person" and he has submitted competent medical testimony identifying they alleged deviation from the applicable standards of care. [I.R. Expert testimony identifying Delay of Recommended Medical treatment] this pain is sufficient to make the plaintiff's medical need serious." These facts are the pain he suffered, the degree of delay, and the fact that the prison doctor prescribed treatment for him. complaint at item # 3

By Contracting with Department of Correction. to provide prison medical services, corp, was bound by state obligation to it's prisoners under 8th amend. However, Corp. was not responsible for consitit. violation of it's employee's but would only be liable if it's policies and procedures were unconstitutional or were the moving force behind the constitutional violation. Monell v. Newyork City dept of Social Services, 436 U.S. 658, 694-95, 98 S.Ct. 2018, 2037-38, 56 L.Ed.2d 611 (1978... 633. Appeal Rode v. Dellarciprete, 845 F.2d 1195. 1201 (3rd Cir 1988)

Wherefore, The plaintiff Respectfully pray that this Honorable court Allow The plaintiff's claim to proceed And Allow His claim to be heard in this Honorable court Because The current order will not allow the plaintiff to Litigate his claim sucessfully moreover the Statutes of Limitation will be exhausted Allowing the plaintiff without a current Remedy and a DeTRimental/fatal outcome for his claim. The Relocation and permanent Address became a sudden Avenue for plaintiff this Course of action will prove injustice And fatal to plaintiff meritorious claim, a Dismissal at this time will not Allow those Responsible for plaintiff Deliberate indifference to Succeed and Bring those Responsible for Justice and Demonstrate Liberty interests of the court

[signature]
10904 Hidden Creek Ct
Ft. Washington MD 20744

8/16/06

James Hall, pro se
10904 Hidden creek Ct
Ft. Washington MD. 20744

Office of the Clerk
United STATES District Court
844. N King St Lockerbox 18
Wilmington Del 19805